## APPEAL OF ETHEL M. CODRINGTON.

Docket No. 4685.    Promulgated March 5, 1927.

A nonresident alien receiving dividends upon shares of stock of the Canadian Pacific Railway Co. through her agent located in the United States, is not liable to income tax in respect of such dividends under the Revenue Act of 1918.

*W. F. Gibbs, Esq.,* for the Commissioner.

The petitioner appeals from the determination of a deficiency in income tax for the year 1920 in the amount of $55.93. The sole question in issue is whether a nonresident alien receiving dividends upon shares of stock of the Canadian Pacific Railway Co., a foreign corporation with its principal office outside of the United States but with an office or offices in the United States, through a resident fiduciary, is liable to income tax upon those dividends under the provisions of section 213 (c) of the Revenue Act of 1918.

### FINDINGS OF FACT.

The petitioner is now and was during the year 1920 a nonresident alien residing in England and a subject of Great Britain. A part of her income for the year 1920 was derived from sources within the United States and this income was received by her through her agent in the United States, The New England Trust Co. of Boston, Mass., such income being as shown on the petitioner's return for 1920. The agent did not include in the return made for the petitioner dividends in the sum of $1,655 received by it from the Canadian

Pacific Railway Co., which dividends were transmitted to the petitioner with her other income. The Commissioner added to the net income reported by The New England Trust Co. of Boston the amount of the dividends in question.

The Canadian Pacific Railway Co. is a corporation incorporated under the laws of the Dominion of Canada. The greater part of its mileage is outside of the United States but a small fraction thereof is within the United States, and the corporation is engaged in operating the business within the United States and has an office or place of business therein. It derives part of its income from sources within the United States and part from sources without the United States.

### OPINION.

SMITH: Section 213 of the Revenue Act of 1918, in defining gross income, provides in paragraph (c) the following:

In the case of nonresident alien individuals, gross income includes only the gross income from sources within the United States, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

The Revenue Act of 1918 does not define a resident corporation. It does, however, define a domestic corporation and a foreign corporation. The Commissioner has held that the Canadian Pacific Railway Co. is a resident foreign corporation within the meaning of the Act. He does not, however, contend that the company is " in its strict sense, a resident corporation of the United States, that is, the Commissioner admits that the legal residence of the Canadian Pacific is Canada, although it has lines and offices situated in the United States."

If the Commissioner's contention in this case is correct then every nonresident alien receiving dividends upon the shares of stock of the Canadian Pacific Railway Co. is liable to income tax to the United States in respect of the dividends received, and it is immaterial whether the dividends were received through a fiduciary located within the United States or received directly from the office of the company in Canada. In either case the source of the income would be the interest of the stockholders in the Canadian Pacific Railway Co. The source is not changed by reason of the fact that the income was received through a conduit located in the United States. *Appeal of Estate of L. E. McKinnon*, 6 B. T. A. 412.

We think that it was never the intention of Congress to impose an income tax upon nonresident aliens in respect of income received

from dividends of a foreign corporation practically all of whose property is located in a foreign country. Upon the evidence of record we are of the opinion that the Canadian Pacific Railway Co. is not a resident corporation of the United States.

*Judgment will be entered for the petitioner.*